Hadaway *vs.* Smith.

(Decided 14th November, 1889.)

---

CAROLINE HADAWAY, by her son and next friend, JOHN E. HADAWAY *vs.* LAVINIA SMITH.

*Conveyance by Married woman—Insanity of Husband—Art. 45, sec. 2, of Code.*

Under section 2, of Article 45, of the Code, which provides that where the husband is a lunatic, or insane, and has been so found upon inquisition, and said finding remains unreversed, and in force, the wife may convey her property as fully as if she were a *féme sole,* by her separate deed, whether the same be absolute, or by way of mortgage, she may mortgage her property, her husband having been declared insane by the special verdict of a jury in a criminal case, and being in confinement in a hospital for the insane under an order of the Court.

APPEAL from the Circuit Court for Kent County.

The case is stated in the opinion of the Court.

The cause was submitted on briefs to ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Hope H. Barroll,* and *Albert Constable,* for the appellant.

*James A. Pearce,* for the appellee.

MILLER, J., delivered the opinion of the Court.

This is an action of ejectment, brought on the 3rd of January, 1888, by Mrs. Caroline Hadaway, a married woman, by her son and next friend, against Lavinia Smith, for a tract of land in Kent County, containing about one hundred and thirty-two acres, which was devised to the plaintiff by her father, John P. Smith, who died in January, 1871.

From the pleadings and admissions in the record, the following facts upon which the defence is based, appear to be undisputed: On the 1st of October, 1872, the plaintiff, with other parties, executed two mortgages of this and other lands to Richard Hynson, one to secure the sum of $10,000 payable on the 1st of October, 1875, with interest payable semi-annually, and the other to secure the sum of $3,500, payable on the 1st of October, 1876, with interest also payable semi-annually; and each contained a power of sale in case of default in payment of principal or interest. Under these powers of sale, Hynson, on the 20th of June, 1876, sold all the mortgaged property, including the land in controversy, to the defendant, who became the purchaser thereof, and this sale has been duly reported to the Circuit Court for Kent County for confirmation, where it is now awaiting the action and decision of that Court. Under this purchase the defendant entered upon the land and ejected the plaintiff. The husband of the plaintiff did not unite with her in the execution of either of these mortgages, but in each it is recited that she is the "wife of James

H. Hadaway, who is a lunatic, or insane, and has been so found upon an inquisition in the Circuit Court for Kent County, and said finding remains unreversed and in force." The plaintiff was married in 1853, and in 1858 her husband was indicted and tried in the Circuit Court for Kent County for an assault with intent to kill one James F. Clark. At the trial the plea or defence of insanity was set up, and the jury returned a special verdict "that the traverser, at the time of the commission of the offence for which he is indicted, was insane, and that he still is insane;" and thereupon the Court ordered him to be confined in the Maryland Hospital for the insane, at the expense of the county, (it appearing by the evidence that he is without any property,) "until he shall have recovered, and until he shall have been discharged in due course of law;" and he has remained so confined in the Hospital under this order from that time to the present. This proceeding in the criminal case is expressly authorized by the Act of 1826, ch. 197, now embodied in the Code, Art. 59, secs. 4 and 5.

Upon this state of facts the Court below decided that the mortgages were binding upon the plaintiff, and were duly executed by her under that clause of the Act of 1872, ch. 270, (Code, Art. 45, sec. 2,) which provides that " where the husband is a lunatic, or insane, and has been so found upon inquisition, and said finding remains unreversed and in force, the wife may convey her property as fully as if she were a *féme sole,* by her separate deed, whether the same be absolute, or by way of mortgage;" and we have no hesitation in affirming this ruling. The clause referred to, with others, was added by the Act of 1872, by way of amendment to the original law, (Code of 1860, Art. 45, sec. 2,) which gave the wife power to devise her property as fully as if she were a *féme sole,* and " to convey the same by a joint deed with her husband." It seems to us clear that cases like the present come with-

,in the spirit and intent, if not within the exact letter, of this amendment, and are within the mischief intended to be remedied thereby.   The clause does not say that the husband must be found to be insane by the inquisition of a jury summoned by the sheriff under a writ *de lunatico inquirendo* issued by a Court of equity; but its language is, who "*is* a lunatic, or insane, and has been so found upon inquisition." The special verdict in the criminal case is certainly an ascertainment by a jury of the fact that he was insane at the time of the trial, and fully justifies the conclusion that he had been so found "upon inquisition." It was a finding authorized by law, and was just as effectual in establishing *judicially* the fact of his insanity, as if it had been found upon inquisition under a formal writ *de lunatico inquirendo*. The order directing his confinement in the hospital until he recovered his reason, and was discharged in due course of law, was one which the law authorized and required the Court to pass in such cases.   He has not recovered his reason, or been discharged from his confinement, but has remained in confinement under this order from its date to the present time; and it may therefore be well said that the inquisition of the jury by which he was found to be insane remained unreversed and *in force* at the time these mortgages were executed by the wife. Some of the words, taken in their strict, technical sense, are exclusively appropriate to an inquisition under a writ *de lunatico inquirendo*, and such cases are unquestionably embraced by the clause, but to confine its operation to them would be giving to remedial legislation an unauthorized, technical, and narrow construction, disregarding its spirit and purpose.   Further discussion of the subject is unnecessary.   We are clearly of opinion the clause covers this case.

*Judgment affirmed.*

(Decided 14th November, 1889.)